7 F.3d 1042
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Marvin RYPKEMA, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-1599.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 7, 1993.
Filed: October 12, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Marvin Rypkema, a federal inmate, timely appeals from the District Court's order[1] denying his 28 U.S.C. § 2255 motion. We affirm.
 
 
 2
 Pursuant to a plea agreement his retained counsel negotiated, Rypkema pleaded guilty to one count of distributing cocaine in February or March 1987 in violation of 21 U.S.C. § 841(a)(1). The District Court sentenced Rypkema to fifteen years imprisonment and three years supervised release, and ordered him to pay a special assessment of $50; it did not impose a fine. Because Rypkema's offense occurred prior to November 1987, the Sentencing Guidelines did not apply. Rypkema did not appeal his sentence.
 
 
 3
 Soon after he began serving his sentence, Rypkema (again through retained counsel) moved pursuant to former Fed. R. Crim. P. 35(b) to reduce his sentence. Rypkema noted his exemplary conduct in prison, the severe hardships his family was suffering, and the fact that the District Court imposed an unusually harsh sentence, as reflected by a statistic in a government report which showed that the average sentence for Rypkema's crime was fifty-seven months. The District Court denied the motion, stating that when it sentenced Rypkema, it fixed a sentence which reflected his personal history and the nature of the crime he committed. Rypkema did not appeal.
 
 
 4
 On November 23, 1992, Rypkema filed this pro se section 2255 motion. He argued that the District Court mechanically imposed the maximum allowable sentence solely because he failed to cooperate with the government, and that the court violated his due process rights by having an arbitrary and capricious standard for determining whether he had cooperated. In addition, Rypkema contended that the District Court participated in plea negotiations, failed to take into account mitigating factors in determining his sentence, and-by allowing hearsay testimony during his sentencing hearing-violated his Sixth Amendment right to confrontation.
 
 
 5
 Without requiring a response from the government, the District Court went to the merits of Rypkema's claims and denied his motion. Rypkema appeals, raising several issues.
 
 
 6
 The government argues that Rypkema "waived his right to challenge his sentence by failing to directly appeal the sentence or the denial of his Rule 35(b) motion." The government is correct. Rypkema makes no showing of cause for not previously challenging his sentence by directly appealing it or by appealing the denial of his Rule 35 motion. His claims are procedurally defaulted and may not now be heard.
 
 
 7
 Unlike the District Court, we do not reach the merits of Rypkema's claims. On the basis of Rypkema's procedural default, the denial of his § 2255 motion is affirmed.
 
 
 
 [1]
 The Honorable Richard H. Battey, United States District Judge for the District of South Dakota